UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIQUE H.,

              Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                                    20-CV-1554S

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

        1.        Plaintiff Dominique H.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Proceeding pro se,[2] Plaintiff alleges that she has been disabled since September 20, 2016, due to a number of physical and mental impairments. Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

        2.        Plaintiff filed applications for disability benefits and supplemental security income on November 22, 2017. After denial at the agency level, Plaintiff proceeded to a hearing via videoconference before ALJ Benjamin Chaykin on August 27, 2019. At the time of the hearing, Plaintiff was 30 years old and had past relevant work as a debt collector. The ALJ considered the case *de novo* and, on October 11, 2019, issued a

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

[2] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F. 3d 787, 790 (2d Cir. 1994). Since Plaintiff is proceeding pro se, this Court has considered her submissions and arguments accordingly. See, e.g., Tipadis v. Comm'r of Soc. Sec., 284 F. Supp. 3d 517, 523 (S.D.N.Y. 2018) (applying the liberal-construction standard to pro se social security plaintiff's submissions).

written decision denying Plaintiff's application for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on October 5, 2020.

3. Plaintiff filed the current action on October 22, 2020, challenging the Commissioner's final decision.[3]  After filing of the administrative record, Plaintiff moved for summary judgment[4] and the Commissioner moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on October 4, 2021.  (Docket Nos. 12, 13, 16-20, 23.)  The case was thereafter assigned here on October 14, 2021, at which time this Court took the motions under advisement without oral argument.  (Docket No. 24.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is

---

[3] The ALJ's October 11, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[4] Consistent with the practice in this district, and because review in social security proceedings is limited to the administrative record, this Court considers Plaintiff's motion under Rule 12 (c) of the Federal Rules of Civil Procedure.

limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

   6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made

according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the

4

evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed"

>impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since September 20, 2016, the alleged onset date (R. at 15); (2) Plaintiff's spine disorder constituted a severe impairment within the meaning of the Act (R. at 15-17); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 17); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined

in 20 C.F.R. §§ 404.1567 (b) and 416.967 (b), with certain limitations consisting of occasional climbing of ropes, scaffolds, or ladders; occasional climbing of ramps or stairs; occasional stooping, crouching, balancing, kneeling, or crawling; and frequent overhead reaching (R. at 17-21); and (5) Plaintiff was able to perform her past relevant work as a debt collector (R. at 21).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from September 20, 2016, through October 11, 2019.  (R. at 13, 21.)

13.  Plaintiff lodges a number of complaints about the ALJ's decision and the Appeals Council's handling of her evidentiary submission, but even read liberally, Plaintiff's complaint fails to identify any specific errors in the ALJ's analysis or conclusions that would require remand or reversal.  The Commissioner urges that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14.  Plaintiff first contends that the ALJ erred by failing to find certain of her medical conditions to be "severe impairments" at Step 2.  See Complaint, Docket No. 1, ¶¶ 7-11, 20, 22, 25-28; Plaintiff's Response, Docket No. 17, ¶¶ 7-9, 15-19.  In particular, Plaintiff insists that the ALJ should have found her post-traumatic stress disorder, scar tissue on her brain, bipolar disorder, anxiety, manic depression, and tinnitus to be severe impairments.  In support of that contention, Plaintiff relies on her own testimony that these conditions prevent her from working, and she highlights the treatment she has received for these conditions, including nerve-block injections, medications, and therapies.  See, e.g., Complaint, ¶¶ 9, 11.  Plaintiff does not, however, identify any error in the ALJ's

consideration of the record evidence concerning the severity of her conditions; she simply disagrees with his decision.

15.    While Plaintiff undoubtedly views her conditions as serious and severe in the everyday sense,[5] "severe" is a term of art in the social security context.  A "severe impairment" is an impairment or combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520 (c), 416.920 (c); compare 20 C.F.R. §§ 404.1522 (a), 416.922 (a) (defining non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities").  Basic work activities include the following:  "(1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting."  20 C.F.R. §§ 404.1522 (b), 416.922 (b).

16.    Here, the ALJ considered Plaintiff's impairments singly and in combination and found that only her spine disorder was "severe" within the meaning of the Act.  (R. at 15.)  The ALJ fully explained his reasons for finding Plaintiff's other impairments to be non-severe, see R. at 15-17, and other than disagreeing with the ALJ's assessment, Plaintiff offers no point of error, nor does she identify any objective evidence in the record demonstrating that any of her non-severe conditions significantly limit her ability to

---

[5] As to this point, Plaintiff submitted a series of articles explaining that the conditions she suffers from may generally have serious symptoms.  See, e.g., Complaint, ¶¶ 13-16, 24 (with attachments); Docket No. 18, pp. 6-9, 14-42.  The issue, however, is not whether Plaintiff's conditions *could* have serious or severe symptoms, but rather, whether her conditions meet the definition of "severe" under the Act.

engage in basic work activities.  Instead, Plaintiff appears to seek a reweighing of the evidence in her favor, which is precluded.  See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record).  This argument is therefore unpersuasive.

17.  Plaintiff next contends that the ALJ failed to consider the testimony of James Breen, the vocational expert, which she claims supports her claims of disability.  See Complaint, ¶¶ 30-34.  Plaintiff argues at various points that Breen's testimony is consistent with her own subjective complaints, and therefore supports her position that her conditions were both severe and disabling.  See id. ¶¶ 12, 17, 24, 29, 34; Plaintiff's Response, ¶¶ 10, 11.  But Breen offered the work-preclusive testimony to which Plaintiff refers solely in response to hypothetical questions that assumed limitations far more severe than those found by the ALJ.  See R. at 65-66.  Consequently, Breen's testimony does not support Plaintiff's position and is of no moment.

18.  Plaintiff's third argument is that the ALJ erred in failing to find that her conditions meet a Listing at Step 3.  See Complaint, ¶¶ 18, 19.  Similar to her first argument, however, Plaintiff points to no error in the ALJ's Listing analysis, nor does she call this Court's attention to any objective evidence in the record supporting her position that she has a condition that meets a Listing.  In the absence of any meaningful claim of error, this argument is rejected.

19.  Plaintiff's final argument concerns the submission of new evidence before both this Court and the Appeals Council.  First, Plaintiff maintains that the Appeals Council erred in failing to consider the records that she submitted on appeal.  See Complaint, ¶¶

18, 19. But given the posture here, the Appeals Council's determinations need not be assessed. "Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the 'administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) (per curiam). If the Appeals Council denies review, such as in this case, the ALJ's decision, not the Appeals Council's, is the final agency decision subject to further review, and the new evidence submitted to the Appeals Council becomes part of the administrative record on appeal. See id.; Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996). Having considered the entire record, including the evidence Plaintiff submitted to the Appeals Council, this Court need not evaluate the Appeals Council's determinations for independent error. See Catoe v. Berryhill, 17-CV-86V, 2019 WL 483319, at *7 (W.D.N.Y. Feb. 7, 2019) ("Because the Appeals Council did not review the ALJ's decision, however, this Court does not review the determination of the Appeals Council.").

20.    Second, Plaintiff requests remand for consideration of new medical records submitted with this appeal. See Docket No. 13, ¶ 1 and pp. 32-86; Docket No. 18, ¶ 1 and pp. 3-5, 10-13; Docket No. 23, ¶ 1 and pp. 4-41. Remand to the Commissioner for consideration of additional evidence is appropriate "only upon a showing that (1) the proffered evidence is new and not merely cumulative of what is already in the record; (2) the evidence is material, that is, both relevant and probative, such that there is a reasonable possibility that the new evidence would have influenced the agency to decide differently; and (3) there was good cause for the claimant's failure to present the evidence earlier." Ostrovsky v. Massanari, 83 F. App'x 354, 358 (2d Cir. 2003) (citing Tirado v.

Bowen, 842 F.2d 595, 597 (2d Cir. 1988)).  Here, Plaintiff makes no showing that the additional evidence meets this standard.  Indeed, the submitted records post-date the relevant time period (September 20, 2016—October 11, 2019), and this Court's review reveals that nothing therein gives rise to a reasonable possibility that the Commissioner would decide this case differently.  This argument is therefore rejected.

21.   Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27.  Plaintiff's motion is denied, and Defendant's motion is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Summary Judgment (Docket No. 13) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:     March 23, 2022
           Buffalo, New York

                                          s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                      United States District Judge